# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

J.R.O. and Y.L.Q.,

      Plaintiffs,

      v.

U.S. CITIZENSHIP AND IMMIGRATION
SERVICES and Ur JADDOU, Director,
U.S. Citizenship and Immigration Services, in
her official capacity,

      Defendants.

Case No. _____

**Declaration of Jennifer Ollington
in Support of Plaintiff Y.L.Q.'s
Motion to Proceed by Pseudonym**

I, Jennifer Ollington, hereby declare pursuant to 28 U.S.C. § 1746:

1. I am a supervising attorney in the immigration unit at Metro West Legal Services (MWLS) in Framingham, Massachusetts. I have worked with Metro West Legal Services since 2007. I am licensed to practice law in Massachusetts.

2. As part of my job, I handle, and supervise other attorneys who handle, the cases of noncitizen juveniles who are seeking Special Immigrant Juvenile status. U.S. Citizenship and Immigration Services (USCIS) grants this status to noncitizen juveniles who establish, among other things, that they have been neglected, abused, or abandoned by one or both of their parents. Prior to filing a petition for this status with USCIS, a state juvenile court must issue an order finding that the juvenile is dependent on the court and that the juvenile satisfies other criteria.

3. I am representing a young woman whose initials are Y.L.Q. who has petitioned for SIJ status with USCIS. I also represented her in proceedings before the Massachusetts

**EXHIBIT B (Y.L.Q.)**

Probate and Family Court in Middlesex County. I am aware that my client, Y.L.Q., is a plaintiff in the above-styled case challenging USCIS' denial of her SIJ petition.

4. As part of my representation of Y.L.Q., I supervised another MWLS attorney in the preparation of an affidavit to submit to the Middlesex Probate and Family Court along with a petition for dependency and special findings pursuant to Massachusetts General Law (M.G.L.), chapter 119, section 39M, based on information she shared with me. In this affidavit, Y.L.Q. set out in detail how her father was absent from her life throughout her childhood. She described the resulting traumatic experiences she suffered, including the fact that she was raped by several gang members in retaliation for her brother refusing to join their gang. She became pregnant as a result of that rape and had a daughter. She has no idea who her daughter's father is. She also explained in the affidavit the continuing threats on her and her daughter's life that the gang members made, which caused her to flee to the United States, and how, since then, gang members continued to issue threats against her. I reviewed and confirmed the accuracy of the affidavit with Y.L.Q. and she signed it on November 21, 2018. I am aware that this affidavit is an exhibit in the above-styled case.

5. I submitted this affidavit and other documents from the Middlesex County Probate and Family Court proceedings with the SIJS petition that I filed on Y.L.Q.'s behalf with USCIS.

6. I believe that Y.L.Q. and her daughter remain in danger from the gang members who raped Y.L.Q. in Ecuador, and that their safety would be in jeopardy were these gang members to learn of their whereabouts. For this reason, I believe it is safest for Y.L.Q. to

be identified in the present lawsuit by her initials only and for all documents related to her in this case to redact any identifying information.

I declare under penalty of perjury that the above information is true and correct to the best of my knowledge. Executed this 19th day of October 2022 at Holliston, Massachusetts.

Jennifer Ollington